IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY TURNER, #116221, | * |
| Plaintiff, | * |
| vs. | * Civil Action No. 2:05-CV-983-D |
| D. T. MARSHALL, et al., | * |
| Defendants. | * |

## SPECIAL REPORT

COME NOW the Defendants Sheriff D. T. Marshall, Captain Jenkins and Captain Rogers[1], by and through their attorney of record, Thomas T. Gallion, III and the law firm of Haskell Slaughter Young & Gallion, LLC, and submit the following Special Report to this Court.

DOCUMENTS

Affidavit of D.T. Marshall

Affidavit of Gina M. Savage

Affidavit of Lamar Rogers

Affidavit of Santina Jenkins

Incident Report dated 10-09-03

Inmate's Medical Record

Handbook on Inmate Rules and Regulations

---

[1] In the Plaintiff's Complaint, he shows Defendants Jenkins and Rogers as captains; however both of them are lieutenants.  Lieutenant Jenkins has now retired.

PLAINTIFF'S ALLEGATIONS

Plaintiff filed a Complaint against Defendants D. T. Marshall, Captain Jenkins and Captain Rogers. Plaintiff claims that on October 9, 2003 the following allegations: Defendants acting, in their individual representative capacities, under color of law, acted with deliberate indifference towards Plaintiff's safety, in violation of his constitutional rights. Plaintiff states that on October 9, 2003 at approximately 10:00 am to 11:00 am, Defendants Jenkins and Rogers came to the Alabama Department of Corrections Receiving Center to transport the Plaintiff to the Montgomery County jail for pending legal matters. The transport van did not have the safety equipment (steps) required for the safe boarding and unloading of handicapped inmates and as a result, the Plaintiff in his effort to board, injured himself (re-injured) himself seriously. After Plaintiff injured himself, he was taken back inside the Kilby Receiving Center Medical Section and his injury dressed and documented. Defendants Jenkins and Rogers then proceeded to transport the Plaintiff to the Montgomery County jail where he was placed in a holding cell with two other inmates. Plaintiff alleges he requested care and medications for pain for his injury numerous times while in the holding cell and that his requests were ignored. The Plaintiff further alleges that the Defendants were deliberately indifferent to his right to safety and medical care, which resulted in mental anguish to the Plaintiff. Plaintiff also alleges his injuries are serious and that his doctor has informed him that additional surgery will be required.

FACTS

1. Plaintiff Stanley Turner was arrested January 30, 2002 charged with four counts of distribution of controlled substance and trafficking. He was sentenced on

February 12, 2002 and released to the Alabama Department of Corrections on February 15, 2002. On August 26, 2003, the Montgomery County Detention Facility received an order to transport Inmate Plaintiff from the Kilby Correctional Facility ("Kilby") to the Montgomery County Detention Facility for a court hearing set for October 10, 2003. (Affidavit of Gina M. Savage, ¶ 2)

2. On October 9, 2003, when Defendants Rogers and Jenkins went to pick up Plaintiff, Plaintiff slipped and injured his leg while attempting to enter the transport van. (Affidavit of Gina Savage, ¶ 2) Defendant Rogers was standing behind Plaintiff and immediately braced him to prevent him from falling. (Id.; Affidavit of Lamar Rogers, ¶ 2; Affidavit of Santina Jenkins, ¶ 2) After assisting Plaintiff in regaining his balance, Defendant Rogers noticed that Plaintiff, who had his left pant leg rolled up showing a bandage, had a small amount of blood leaking from the bandage. (Affidavit of Lamar Rodgers, ¶ 2) This bandage had been placed on Plaintiff's leg by the staff at Kilby. (Affidavit of Lamar Rogers, ¶ 2; Affidavit of Santina Jenkins, ¶ 2) Plaintiff was escorted back into Kilby and Alabama Department of Corrections ("ADOC") Officer Williams escorted Inmate Turner to the infirmary at Kilby for treatment. (Affidavit of Lamar Rogers, ¶ 2; Affidavit of Santina Jenkins, ¶ 2) When they returned from the infirmary, ADOC Officer Williams told Defendants Rogers and Jenkins that Plaintiff had been treated and cleared for transport. (Affidavit of Lamar Rogers, ¶ 2; Affidavit of Santina Jenkins, ¶ 2)

3. The restraints were reapplied to the Plaintiff and he was escorted back to the transport van. (Affidavit of Lamar Rogers, ¶ 2) Plaintiff did not ask Defendants Rogers and Jenkins for medical assistance or to see a doctor. (Affidavit of Lamar

Rogers, ¶ 2; Affidavit of Santina Jenkins, ¶ 2)  When they arrived at the Montgomery County Detention Facility at approximately 1220 hours on October 9, 2003, Inmate Turner was examined by the medical staff.  (Affidavit of Gina Savage, ¶ 2)  A notation was made in his file that on the trip from Kilby to the Montgomery County Detention Facility Plaintiff slipped and injured an existing wound.  (Id.)  There is no record that Plaintiff requested medication or that he was denied medication.  (Affidavit of Gina Savage, ¶ 2; Inmate's Medical Record dated October 9, 2003)

      4.     The transport van used to transport Plaintiff Turner from Kilby to the Montgomery County Detention Facility was equipped with steps by the manufacturer.  (Affidavit of Gina Savage, ¶ 2)  Plaintiff was not classified as a handicapped or disabled individual and if he had been, he would have been transported via ambulance.  (Id.)

      5.     The Montgomery County Detention Facility Incident Report, # 10-9-03-003, shows that Plaintiff re-injured an old wound on his left lower leg and that he was transported to the Montgomery County Detention Facility without incident.  (# 10-9-03-003 Incident Report.)

      6.     Upon admission at the Montgomery County Detention Facility on October 9, 2003, Inmate's Medical Record was prepared.  This report under Visual Examination shows that Plaintiff was injured on the van and that he tripped and hit his left leg. (Inmate Medical Record)  This report also shows "bandage to left leg, had skin graph to leg, not new skin graph had it 4 years ago".  (Inmate Medical Record.)

      7.     In the Handbook on Inmate Rules and Regulations, under 3. Jail Operations, D. Grievance, it states, "You are entitled to voice any grievance to the Jail Administration.  You are encouraged to put the grievance in writing on the Inmate

Grievance Form and submit it to the Grievance Clerk." There is no record that Plaintiff filed an Inmate Grievance Form regarding any of the matters alleged in his complaint. (Handbook on Inmate Rules and Regulations and Affidavit of Gina M. Savage ¶3.)

## DEFENSES

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  Defendants did not violate any of the Plaintiff's constitutional rights afforded him under law.

3.  Plaintiff failed to exhaust his administrative remedies by taking advantage of the inmate grievance system in place at the Montgomery County Detention Facility. Plaintiff's claims should therefore be dismissed. *Alexander v. Hawk*, 159 F. 3rd 1321 (11th Cir. 1998).

4.  Defendants aver that they are entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution and/or qualified immunity from suit.

5.  Defendants aver that they acted in a manner that has been in accordance with previous court rulings regarding the operation of the Montgomery County Detention Facility.

6.  Defendants aver that the prison regulations in question were reasonably related to legitimate penological interests.

7.  Defendants aver that Plaintiff's claim for deliberate indifference to serious medical needs is due to be dismissed because Defendants had no knowledge of an excessive risk of serious harm to the Plaintiff.

MEMORANDUM OF LAW

The Plaintiff's claims do not rise to a constitutional violation. The Plaintiff cannot demonstrate that the conditions at the facility are sufficiently serious or that the Defendants were deliberately indifferent to his health or safety. Plaintiff's slip and injury do not give rise to a constitutional violation.

Grievance procedures are available to inmates to address conditions at the Montgomery County Detention Facility. Plaintiff failed to file any grievance regarding any of his claims in the Complaint. Plaintiff therefore failed to exhaust available administrative remedies, and his claims should therefore be dismissed. *Alexander v. Hawk,* 159 F. 3rd 1321 (11th Cir. 1998).

To the extent Plaintiff asserts his claims against Defendants in their official capacities, these claims should be dismissed. Plaintiff's claims for damages against the Defendants in their official capacities under 42 U.S.C. §1983 should be dismissed because in their official capacities, the Defendants are not considered "persons" subject to liability under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Any such official capacity claims must also be dismissed because Defendants are entitled to immunity under the Eleventh Amendment to the united States Constitution. *Lancaster v. Monroe County,* 16 F. 3rd 1419 (11th Cir. 1997).

To the extent Plaintiff has asserted his claims against the Defendants in their individual capacities, they are entitled to qualified immunity. "Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no "clearly established statutory or constitutional rights of which a reasonable

person would have known." *Gonzales v. Lee County Housing Authority,* 161 F.3rd 1290, 1295 (11th Cir. 1998). Defendants were acting within the scope of their discretionary authority, and the burden is therefore on the Plaintiff to demonstrate that Defendants' actions rise to a constitutional violation, and that Defendants violated clearly established law. *Hope v. Pelzer,* 536 U.S. 730 (2002). "the relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. 194, 202 (2001). The applicable law "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). In determining whether the unlawfulness of an official's actions was clearly established, "the salient question . . . is whether the state of the law [at the time of the unconstitutional act] gave [the official] fair warning that [his] alleged treatment of [the plaintiff] was unconstitutional." *Williams v. Consol. City of Jacksonville,* 341 F.3d 1261, 1270 (11th Cir. 2003) *quoting Hope,* 536 U.S. at 741. Plaintiff cannot meet this burden; therefore, his claims should be dismissed.

Plaintiff must also establish a casual connection between an act of a supervising official and the alleged constitutional violation. *Smith v. State of Alabama*, 996 F. Supp. 1203, 1212 (M.D. Ala. 1998). Defendant Marshall is a supervisory official. Plaintiff has failed to establish a casual connection between any of Defendant Marshall's actions and any alleged constitutional violation. Plaintiff's claims against Defendant Marshall should therefore be dismissed.

Plaintiff's claims should also be dismissed because Plaintiff has produced no evidence that Defendants Marshall, Jenkins and Rogers had a subjective awareness of a

relevant risk of serious harm to the Plaintiff, and, that they disregarded that risk. In *Farmer v. Brennan*, 511 U.S. 825, 839 (1994), the Supreme Court held that the standard of deliberate indifference equated to that of "subjective recklessness" as that term is defined in criminal law. The official must know of an excessive risk to inmate health and disregard that risk. *Id*. at 837-383. In other words, the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. An official's failure to respond to a significant risk that he should have perceived but did not is not deliberate indifference. *Id.* Summary judgment must be granted for the official unless the plaintiff presents evidence of the official's "subjective knowledge" of a substantial risk of serious harm. *Campbell v. Sikes,* 169 F.3d 1353, 1364 (11th Cir. 1999).

Plaintiff has failed to allege or produce any evidence that the Defendants Marshall, Rogers and Jenkins had subjective knowledge of a substantial risk of serious harm to Plaintiff and that they ignored that risk. There is no evidence that Defendant Marshall, the Sheriff for Montgomery County, had any knowledge of Plaintiff's condition. While Defendants Rogers and Jenkins had personal contact with Plaintiff, it is undisputed that they ensured that Plaintiff was examined by medical personnel at Kilby before transporting him to the Montgomery County Detention Facility. Once they arrived at the Montgomery County Detention Facility, Defendants Rogers and Jenkins delivered Plaintiff to the medical unit where he was examined. Plaintiff never requested medical attention from Defendants Rogers and Jenkins. Plaintiff's claims against Defendants should therefore be dismissed.

Defendants further submit that Plaintiff has also failed to exhaust any applicable grievance procedure with respect to this claim. Defendants therefore respectfully request that this Court dismiss the Plaintiff's claims with prejudice, and that the Court grant the Defendants any other relief to which they may be entitled.

Respectfully submitted this 11th day of January 2006.

s/ Thomas T. Gallion, III

_____
Thomas T. Gallion, III       (GAL010)
Attorney for Defendants

OF COUNSEL:
Haskell Slaughter Young & Gallion, L.L.C.
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
    (334) 265-8573
    fax number: (334) 264-7945

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon the following listed persons by hand delivery or by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this the 11th day of January 2006.

Stanley Turner #116221
Hamilton A&I Center
223 Sasser Drive
Hamilton, AL  35570

s/ Thomas T. Gallion, III

_____
Of Counsel

50051-558
#18,171

9