IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY TURNER, #116221 | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-983-D |
| D. T. MARSHALL, et al., | ) ) ) |
| Defendants. | ) ) |

### AFFIDAVIT OF D. T. MARSHALL

Before me, a Notary Public, personally appeared D. T. Marshall and after being duly sworn, did say as follows:

1. My name is D. T. Marshall. I am Sheriff of Montgomery County, Alabama. I am a named Defendant in the above styled cause filed by Stanley Turner.

2. I have not violated the constitutional rights of Inmate Stanley Turner.

3. It is the policy of the Montgomery County Detention Facility that every effort will be made on the part of facility personnel to ensure safe custody, decent living conditions, and fair treatment for all inmates.

3. The total, daily operations of the jail are managed by the Director of the Detention Facility, employed by the Montgomery County Sheriff's Office.

_____
D. T. Marshall

Sworn to and subscribed before me this 12 day of December, 2005.

_____
Notary Public
My Commission Expires October 15, 2006

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **STANLEY TURNER, #116221** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | **CIVIL ACTION NO. 2:05-CV-983-D** |
| ) | |
| **D. T. MARSHALL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## AFFIDAVIT OF GINA M. SAVAGE

Before me, a Notary Public, personally appeared Gina M. Savage and after being duly sworn, did say as follows:

1. My name is Gina Savage. I am Director of the Montgomery County Detention Facility.

2. Stanley Turner was arrested January 30, 2002, charged with Distribution of Controlled Substance (4 counts), no bond, and Trafficking, no bond. He was sentenced on February 12, 2002, and released to the Department of Corrections February 15, 2002. On August 26, 2003, we received an order to transport Inmate Turner from Kilby to the Detention Facility for a Hearing on October 10, 2003.

On October 9, 2003, when Lieutenant Rogers and Lieutenant Jenkins went to pick up Inmate Turner at Kilby to transport him to the Detention Facility for court the following day, Inmate Turner slipped and injured his leg while attempting to enter the transport van. DOC Officer Williams escorted him back into the infirmary at Kilby to be checked by their medical staff. Officer Williams informed Lieutenant Rogers that the injury was an old wound and that Inmate Turner was being treated for it in the infirmary at Kilby. When they returned from the infirmary, Officer Williams told Lieutenants Rogers and Jenkins that Inmate Turner had been treated and cleared for transport.

Lieutenants Rogers and Jenkins arrived at the Detention Facility with Stanley Turner at approximately 1220 hours.

When Inmate Turner arrived at the Facility on October 9, 2003, the medical staff performed an examination. A notation was made in his file that on the trip from Kilby to the Detention Facility he had tripped and injured an existing wound. However, there is no record in his file that at any time during his incarceration here for his court appearance did he request medication or that he was denied medication.

The transport van used to transport Inmate Turner from Kilby to the Montgomery County Detention Facility was equipped with steps by the manufacturer. Inmate Turner was not classified as a handicapped or disabled individual. Had he been, he would have been transported via ambulance.

3. We find no record of Inmate Turner filing a grievance regarding this incident while incarcerated in the Detention Facility.

_____
Gina Savage

Sworn to and subscribed before me this 9th day of December, 2005.

_____
Notary Public
My Commission Expires October 15, 2006

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY TURNER, #116221 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-983-D |
| ) | |
| D. T. MARSHALL, et al., ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF LAMAR ROGERS

Before me, a Notary Public, personally appeared Lamar Rogers and after being duly sworn, did say as follows:

1. My name is Lamar Rogers. I am a Lieutenant with the Montgomery County Detention Facility.

2. On October 9, 2003, Lieutenant Santina Jenkins and I arrived at Kilby Correctional Facility to pick up two inmates for a court appearance in the Montgomery County Circuit Court. Both inmates were placed in restraints and escorted out to the transport van.

Inmate Turner was attempting to step up into the transport van at which time he slipped. I was standing behind Inmate Turner and immediately braced him to prevent him from falling. After assisting Inmate Turner in regaining his balance, I noticed a small amount of blood on a bandage that had been placed on Inmate Turner's leg by the staff at Kilby Correctional Facility. Inmate Turner had his pants leg rolled up on the leg with the bandage.

I immediately escorted Inmate Turner through the back gate at Kilby Correctional Facility. Officer Williams, the receiving officer at the facility, assisted me inside the secure area. Officer Williams immediately notified his supervisor about the incident. Officer Williams was advised to escort Inmate Turner to the infirmary to be checked by the medical staff. I waited in the Sallyport area until Inmate Turner returned from the infirmary.

Upon their return to the Sallyport area, Officer Williams informed me that Inmate Turner had been treated and was cleared for transport. I reapplied the restraint and escorted Inmate Turner back to the transport vehicle. It is the policy of the Montgomery County Sheriff's Office that all inmates will be restrained while being transported. I assisted Inmate Turner into the vehicle without incident.

At no time did Inmate Turner fall; he slipped and I braced him to prevent him from falling. Inmate Turner was escorted back into Kilby Correctional Facility and cleared by the medical staff before being transported. At no time did Inmate Turner request that either Lieutenant Jenkins or I allow him to see a doctor.

*Lt Lamar Rogers* (signature)
Lamar Rogers

Sworn to and subscribed before me this 8th day of December, 2005.

*Lexa (Hines) Cates* (signature)
Notary Public
My Commission Expires October 15, 2006

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY TURNER, #116221 | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-983-D |
| D. T. MARSHALL, et al., | ) |
| Defendants. | ) |

### AFFIDAVIT OF SANTINA JENKINS

Before me, a Notary Public, personally appeared Santina Jenkins and after being duly sworn, did say as follows:

1. My name is Santina Jenkins. I am a Lieutenant, Retired, with the Montgomery County Detention Facility.

2. On October 9, 2003, Lieutenant Lamar Rogers and I went to Kilby Correctional Facility to pick up two inmates for court. Both inmates were placed in restraints and escorted to the transport van.

When Inmate Stanley Turner attempted to enter the van he stumbled. Lieutenant Rogers was standing behind him. He supported him to keep him from falling. Lieutenant Rogers noticed a small amount of blood on a bandage on Stanley Turner's leg. The bandage had been placed on his leg by Kilby staff.

Lieutenant Rogers escorted Inmate Stanley through the back gate at Kilby Correctional Facility. Officer Williams, with Kilby, assisted him inside the secure area. Officer Williams notified his supervisor of the incident then escorted Inmate Turner to the infirmary to be checked by the Kilby medical staff.

When they returned, Officer Williams stated that Inmate Turner had been treated and was cleared for transport. Lieutenant Rogers reapplied the restraints and escorted Inmate Turner back to the transport van. It is the policy of the Montgomery County Sheriff's Office that all inmates will be restrained while being transported. Inmate Turner was placed in the vehicle without incident.

Inmate Turner never requested that either I or Lieutenant Rogers allow him to see a doctor.

_____
Santina Jenkins

Sworn to and subscribed before me this 9th day of December, 2005.

_____
Notary Public
My Commission Expires October 15, 2006

## MONTGOMERY COUNTY DETENTION FACILITY
## INCIDENT REPORT

REPORT#: 10-9-03-003   DATE OF REPORT: 10-09-03
TIME OF REPORT: 1135 Hours   LOCATION: Kilby Correctional Facility
TYPE OF INCIDENT: Inmate Injuring (old wound) Left Lower Leg   TIME: 1010 Hrs
REPORTED BY: Rogers   L.   Lt.
LAST NAME   FIRST NAME   RANK   ID#

### INMATES INVOLVED IN INCIDENT

| NAME (LAST, FIRST) | RACE/SEX | BOOKING # | CELL | WITNESS/VICTIM/OFFENDER (INDICATE ONE) |
|---|---|---|---|---|
| Turner, Stanley | W/M | 5560 | 1C-2 | Victim |
| AIS#116221 | | | | |
| CN#034223 | | | | |

### INJURY TO VICTIM

EXTENT OF VICTIM INJURY:   ( ) MINOR   ( ) SERIOUS   ( ) FATAL
TYPE OF INJURY:
VICTIM HOSPITALIZED:   ( ) YES   ( ) NO
IF "YES" WHAT HOSPITAL:

### MEDICAL ACTION

DESCRIBE MEDICAL ACTION:

### DETAILS OF INCIDENT
DESCRIBE INCIDENT IN DETAIL (WHO, WHAT, WHERE, WHEN, HOW, WHY, AND ACTION TAKEN BY OFFICER)

On October 9, 2003, at approximately 1135 hours Lieutenants Rogers and Jenkins were picking two inmates up from Kilby Correctional Facility for a court appearance in Montgomery County. Inmate Turner was attempting to step up into the transport vehicle when he slipped and re injured an old wound to his left lower leg. The area in question had already been dressed by the nursing staff at Kilby Correctional Facility. Lieutenants Rogers and Jenkins noticed that the bandage area was bleeding. Lieutenant Rogers immediately escorted inmate Turner back into the back gate at Kilby. Officer Williams the receiving officer at the facility assisted Lieutenant Rogers inside the secure area. Officer Williams immediately notified his supervisor about the incident. Officer Williams was advised to escort inmate Turner to the infirmary to be checked by the medical staff. Lieutenant Rogers waited in the sallyport area until inmate Turner returned from the infirmary.

At approximately 1155 hours Officer Williams returned to the sally port area with inmate Turner. Lieutenant Rogers reapplied the restraints and escorted inmate Turner back out to the transport vehicle without any further incident. Officer Williams informed Lieutenant Rogers that the injury was an old wound that inmate Turner was being treated in the infirmary at Kilby for the past three or four months. Lieutenants Rogers and Jenkins arrived at the Detention Facility at approximately 1220 hours with inmate Johnson and Turner without incident.

REPORT#   10-9-03-003

By signing below I concur with the content of the report.

Report prepared by: _____     Date: 10-9-03
Supervisor Signature: _____   Date: 10-9-03


By signing below I concur with the content of the report.

Responding Officers:
_____   Date: 10-9-03
_____   Date:
_____   Date:
_____   Date:
_____   Date:


By signing below I concur with the content of the report.

Medical Staff:
_____   Date:
_____   Date:
_____   Date:

V/S-BP____  I____ P____ R____ WT____   COMMITMENT NO. DOC

## ADMISSION DATE – Inmate's Medical Record

Inmate's File Number: **5560**

NAME (LAST): **Turner**   First: **Stanley**   Middle: ___   Age: **44**   Race: **W**   Sex: **M**   Date of Birth: **8/30/60**

Admitted: **10/9/03**   Charge: ___   Assigned To: ___

ALLERGIES (Record in red ink; mark on the chart.) **NKDA**

**(Type all information above this line)**

### HAVE YOU EVER BEEN TESTED/TREATED FOR:

1. AIDS — **No** (May)
2. Alcoholism — **No**
3. Asthma — **No**
4. Blood Pressure (high) — **Yes**
5. Dentures — **No**
6. Diabetes — **No**
7. Drug Addiction — **Yes**
8. Female Problems — **No**
   LMP___ — No
9. Glasses/Contact Lens — **No**
10. Heart Trouble — **Yes**
11. Hepatitis — Yes  No
12. Intestinal Problems — No
13. Kidney Problems — No
14. Hospitalization — No  Where___  When___  Why___
15. Mental Health Problems — **Yes**
16. Prosthesis — **No**   Type___
17. Seizures/Epilepsy — **No**
18. Sickle Cell — **No**
19. Suicidal Attempts — **No**
20. Ulcers — **Yes**
21. Venereal Disease — **No**

22. Tuberculosis — **No**
   When___  Treatment___  S/S: Cough___ Fever___ Night Sweats___  Meds: What___  How Long___
   Where___  (+)PPD___

If yes to any of the above, give date and treatment given:
**High Blood pressure but no medication — drugs in the past morphine — heart trouble no medication**

### VISUAL EXAM:

1. Are there visible signs of trauma or illness requiring immediate emergency or Doctor's care? — **Yes**
2. How were injuries received according to the inmate? **On the van coming here and trip hit leg**
3. Is there obvious fever, swollen lymph nodes, jaundice or other evidence of infection which might spread through the jail? — **No**
4. Is the skin in good condition and free of vermin? — **No**
5. Does the inmate appear to be under the influence of alcohol? — **Yes**
6. Does the inmate appear to be under the influence of drugs? — **No**
7. Are there any signs of alcohol/drug withdrawal symptoms? — **No**
8. Does the inmate's behavior suggest the risk of suicide? — **No**
9. Does the inmate's behavior suggest the risk of assault to staff or other inmates? — **No**
10. Does the inmate have any medications, prescriptions or current medical problems that need attention? **bandage to (L) leg, had skin graph to leg not new skin graph had it 4 years ago.**

7

# HANDBOOK
# on
# INMATE RULES AND REGULATIONS

MONTGOMERY COUNTY DETENTION FACILITY
MONTGOMERY, ALABAMA

A Division Of
The Montgomery County Sheriff's Office

**D.T. MARSHALL, SHERIFF**



Gina M. Savage
DIRECTOR OF DETENTION

REVISED EDITION AUGUST 2002

2. 3-North, 3-South and 3-Isolation change out day is Tuesday. Indigent hygiene requests should be sent down **Monday** prior to 12 Noon.

3. 2-South and Medical change out day is Wednesday. Indigent hygiene requests should be sent down **Tuesday** prior to 12 Noon.

4. 2-North (D,E,F,G) change out day is Thursday. Indigent hygiene requests should be sent down **Wednesday** prior to 12 Noon.

3. **Jail Operations**

A. <u>Personal Property</u>

You are not allowed to have valuable articles in your possession nor are you allowed to transfer clothing or other property to other inmates. Property found in violation will be confiscated and forfeited. Body jewelry and wigs are not allowed. At the time of booking, all property taken from you should be listed on the property inventory log. Excess property not picked up by family or friends within 7 days of booking will be destroyed. You will be requested to sign your property slip at the point of booking. At the point of release, again you should sign your property slip fully acknowledging the fact that you have received all the items listed on the log. Claims for lost inmate property should be filed with Detention Facility staff upon release.

B. <u>Money</u>

Friends and relatives may deposit money orders (no cash or checks are accepted) in your inmate account Monday through Friday between the hours 8:00 AM - 4:00 PM., excluding holidays. Money orders should be made payable to MCITF. You are not allowed to have money in your possession.

C. <u>Escape and Contraband</u>

Any inmate who escapes, attempts to escape, assists another to escape, or is responsible for bringing into the Detention Facility any weapons, saws, tools, narcotic drugs, alcohol, hallucinogenic substances, or any items not approved by the Detention Facility will be prosecuted as provided by law. There will be no exceptions.

D. <u>Grievance</u>

You are entitled to voice any grievance to the Jail Administration. You are encouraged to put the grievance in writing on the *Inmate Grievance Form* and submit it to the Grievance Clerk. The Administration will give prompt and fair consideration to any grievance and will take appropriate action when warranted.

-12-

E. <u>Food (Showing INMATE ID REQUIRED)</u>

You will be served three meals a day at regular intervals. The food will be wholesome and nutritional. Since food is expensive, you must not waste it. The menus meet recommended dietary allowances, Alabama Administrative Code, American Correctional Association and Local Health Code Standards.

F. <u>Medical Services (Showing INMATE ID REQUIRED)</u>

Reasonable and customary medical treatment is available to you. Limited dental treatment is also available. You may request, at your own expense, a private physician (such appointments will be made by this Facility and will be unknown to you and your family). Otherwise, the service will be in accordance with the Detention Facility's medical plan. You should have an opportunity to report illnesses daily through the *Inmate Request Forms*. You may refuse, in writing, health treatment and care; however, you must do so in the presence of the health care staff.

<u>Medical Charges to Inmates</u>

You will be charged a co-payment of **$10.00** for all self-initiated, non-emergency medical services. However, indigent inmates will never be denied medical services.

If you are involved in an altercation that results in injury to another inmate or officer, you will be charged a medical fee for the injured inmate's or officer's medical treatment.

In the event you have no funds or only partial funds in your account, the account will be placed into a negative balance. When funds are later received, the total or remaining fees will be deducted from your account.

Upon your release from the Facility, any unpaid medical fee balance will reflect a debit on your account from the date of release. If re-incarcerated, that debit will be deducted from any future funds then deposited to your account.

G. <u>Television</u>

Television is a privilege, not a right. Television privileges may be given to those cellblocks who have earned them through cooperation with facility personnel and by complying with the prescribed rules and regulations of the Montgomery County Detention Facility. The television may be turned on at 6:00 P.M. and will be turned off at 10:30 P.M.

-13-