In The District Court of The United States
For The Middle District of Alabama
Northern Division

Stanley Turner 116221    *
    PLAINTIFF           *
Vs.                     *  CIVIL ACTION NO. 2 05-CV-983-D
                        *
D.T. Marshall, et. al.  *
    DEFENDANT           *

PLAINTIFF'S RESPONSE TO THE DEFENDANT(S) SPECIAL REPORT WITH SUPPORTING AFFIDAVIT

Comes now, Stanley Turner Plaintiff Pro se, this cause and files this his response to the defendants special report, as so ordered by this Honorable Court, filing same with supporting sworn affidavit and stating the following grounds in response/opposition to said report:

1.

## Statement of Facts

On October 9, 2003, Defendants, Jenkins and Rogers came to the Kilby Correctional Facility to transport, Plaintiff Turner to Montgomery County. Plaintiff and another inmate was to be transported for Court apperances in the Montgomery Circuit Court.

The transport van used by the Defendants did not have any safety steps, to ensure that the Plaintiff nor anyone else (other inmates) could safely board or unload from the van.

In attempting to board the transport van Plaintiff Turner due to this injuried him as is undisputed with in the documents before this Honorable Court at present.

The Defendants had an established duty to provide the Plaintiff a degree of safety under Constitutional Law.

By failing to ensure the transport van they used to transport Plaintiff in then did have safty eq. (steps). They violated Plaintiffs Rights as covered by the U.S. Constitution.

After the Plaintiff was injured the defendants recieved from A.D.O.C Officer Williams an empty milk create, on which the Plaintiff had to use to gain entrance into the van.

The Defendants had prior knowledge that said steps would be required to transport the Plaintiff, due to his prior stay in their Jail/Custody and the medical treatment he required at that time.

Once the Plaintiff was delivered to the Montgomery County Detention Center

3.

he was in great pain due to said injury on the transport van and during his stay there (overnight) 10-9-03 thru 10-10-03 he repeatly requested to see a Doctor and repeatly requested pain medications, yet he was ignored and forced to suffer severe pain until he was returned to prison and able to recieved pain meds.

The Defendants acted with deliberate indifference towards Plaintiffs safety and in delaying his recieving some manner of medications/relief from his pain.

The Plaintiff due to his short stay at said facility had no chance to use the inmate grievance procedure process.

The Plaintiffs Constitutional Rights have been Violated.

* See Plaintiff Case Citing Attachments *

4.

In McElligott v. Foley 182 F.3d. 1248 (11th Cir. 1999) it states in Part:

[19,20] A core Principle of Eight Amendment jusisprudence in the area of medical care is that prison officials with knowledge of the need for care may not by failing to provide care, delaying care or Providing grossly inadequate care, cause a Prisoner to needlessly suffer the pain resulting from his or her illness. In Estelle, the Supreme Court reconized that the Eight Amendment requires the government "to provide medical care for those whom it is Punishing by incarceration." Precisely beause the failure to do so "may actually produce physical "torture or a lingering death" or,[i]n less serious cases ... may result in pain and suffering which no one suggest would serve an Penological purpose." Estelle 429 U.S. at 103.97 S.Ct .285 [quoting. In re Kemmler, 136 U.S. 436 447. 10 S.Ct. 930, 34. L.Ed 519 (1890)

Our Cases, too have recognized that Prison officials may violate the "Eight Amendment's -

--Commands by failing to treat an inmates Pain. In <u>Brown v. Hughes</u> 894 F.2d 1533 (11th Cir 1990.) We reconganized that the delay of a few hours in treating an inmate's broken foot could constitute a violation of the Eight Amendment, holding that a failure to treat the Pain from a broken foot even for a few hours, was constitutionally cognizable injury." With this type of injury it may be that deliberately indifferent delay no matter how brief. would render defendants liable as if they had inflicted the pain themselfs.

Deliberately inflicted pain with an electric Cattle Prod does not become unimportant an unactionable under the eight Amendment simply because the Pain Produced is only momentary." Id. at <u>Washington v. Dugger</u>, 860 F2d 1018, 1021 (11th Cir 1988)

The Eleventh Amendment does not bar injunctive or damages suits against individual officials or Prison employees.
See: SPICER V. Hilton 618 F.2d 232, 237 (3rd. Cir. 1980)

When an Official fails to take an action that he has clearly established Duty to take, an that failure is a foreseeable contributing factor to the Violation of a Plaintiff's constitutional rights the defense of immunity is unavailable"

See Alexander v. Perril 916 F.2d 1392 (1990)

[2] Title 42 U.S.C § 1983. Upon which Thompson relies. Provides that "[e]very Person" who acts under color of State law to deprive another of a constitutional right shall be answerable to that Person in a suit for damages.
See. Thompson v. Burke 556 F.2d 231 (1977)

7.

In a suit against State Officials in their personal capacity, however where the Plaintiff seeks recovery from the personal assets of the individual, the State is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment.

See <u>Melo V. Hafer</u> 912 F.2d 628 (3rd Cir. 1990)

The US Supreme Court held:

Qualified Immunity denfense is un applicable whenever official does affimative acts, or omits to Perform legally required acts as required to do. and official thereby causes deprivation of individual rights

See Biven V. Six Unknown Agents of Narcotics. 403 U.S. 388, 91 S. Ct. 1999, 291. 2d 619.

The assumption of absolute Physical control over a Person by the State in its arrest and incarceration of that Person entails a cocomitant duty to ensure that Person's Safty <u>Hudson v. Palmer</u> 468 U.S. 517, 104 S. Ct. 3194, 82 L.Ed 2d. 393 [1984] See also: <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct 1970, 128 LEd 2d 811 [1994]: <u>Helling v. McKinney</u> 509 U.S 25, 113 S.Ct. 2475, 125 LEd 2d 22 [1993] and <u>Washington v. Hasper</u>, 494 U.S 210, 110 S.Ct. 1028, 108, L.Ed 2d 178 [1970].

Responsibility for such medical care as this Plaintiff needed is part of that duty under Estelle, Hudson, Farmer, and Washington.

Relief Sought

Plaintiff seek a trial by jury herein respectfully requested on his claim and any and all relief this Honorable Court deems fit, upon any favorable ruling toward Plaintiff.

Respectfully Submitted

STANLEY TURNER
Stanley Turner, Pro Se
116221
12-1B
223 Sasser Dr.
Hamilton, AL. 35570

# CERTIFICATE OF SERVICE

I. Stanley Turner do herein certify that I have served the forgoing on all parties as listed below by placing a true and correct copy of the same in the United States mail postage prepaid and properly addressed on this the __8__ day of Febuary, 2006.

*Stanley Turner*

Stanley Turner 116221 Pro Se
Cell 1Z-1B
Hamilton A & I Center
223 Sasser Drive
Hamilton Alabama. 35570

ORG: OFFICE OF CLERK
    U.S. DISTRICT COURT
    P.O. Box 711
    MONTGOMERY, ALABAMA 36101

CC: ATTORNEY(S) at LAW
    HASKELL/SLAUGHTER
    P.O. BOX 4660
    MONTGOMERY, ALABAMA 36101

CC: PLAINTIFF FILE