IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

2006 DEC 13 A 10: 37

STANLEY TURNER,

Plaintiff;

DELA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

v.

D.T. MARSHALL, et al

Defendants

2.05-CV-983-D

CIVIL ACTION #

## MOTION FOR INTERVETION THE COURT TO INSURE ADEQUATE MEDICAL TREATMENT

Comes now STANLEY TURNER (plaintiff) pro se in the above styled and says the following in susport of:

Plaintiff is not receiving aquate medical treatment, plaintiff has a serious medical problem, the Eigth and Fourteenth Amendments to the Constitution of the United States give inmates a right to medical care. see Brown v Harris, 240 F 3d 383 ¶ n.6 (4th cir. 2001). The Supreme Court first recognized that inmates have a right to medical care in 1976, in estelle v Gamble 429 U.S. 97, 104 (1976) "it is but just that the public be required to care for the prisoner, who cannot by reason of deprivation of his liberty care for himself." Plaintiff clearly has be deprived of his liberties and cannot care for himself, but since his care would not be poised to the public but to the defendants since his medical problem stems from an accident while the plaintiff was in their custody, causing new injury to an old injury. Because you lose your ability to obtain medical care when you are imprisoned, officials have duty to provide

Pg. 1

care for you. see DeShaney v Winnebago County Dept of Social Servs. 489 U.S. 189, 199-200 (1989). denial of Medical care may result in pain and suffering which no one suggests would serve any penological purpose. Estelle 429 US ID at 103. Jail and Prison officials violate the Constitution when they act with deliberate indifference to an inmates serious medical needs.

   Plaintiff obviously has a serious medical, he chances the loss of his leg, possible death. Blood Clots were diagnosed as being present in the wound caused through his injury to his leg. Estelle 429 U.S. at 107 Gutierrez v. Peters 111 F3d 1364, 1370 (7th cir 1997); Ellis v Butler, 890 F2d 1001, 1003 & n.1 (9th cir 1989), Washington v Dugger, 860 F2d 1018, 1021 (11th cir 1988). failure to treat plaintiffs condition will further the injury and cause the wanten and unnecessary infliction of Pain. Harrison v Barkley 219 F3d 132, 136 (2d cir 2000); McGuckin v Smith 974 F2d 1050, 1059 (9th cir 1992) these courts consider the following factors, among others, in applying this test. [i]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of a chronic and substantial pain. Plaintiff cannot fully use his injured leg, his walking is impared, he is receiving no type pain medication, he has problems sleeping and is in continuous pain. the wound is obvious, it drains none stop and anyone can see that it is in need of treatment, if a layman can see it a doctor or nurse trained in the medical field could not help but to observe its Condition. see: McElligott v Foley 182 F3d 1248, 1256 (11th cir 1999).

## Jurisdiction

   This court has jurisdiction over Plaintiffs Federal claims pursuant

to 28 U.S.C. §§ 1331 and 1343(A)(3).

This Court can issue an order that the defendants et.al provide the plaintiff with the medical care that is essential to ensure that he not continue in unnecessary pain and that he not loose his leg due to deliberate indifference

The defendant were in custody of Plaintiff at the time of his injury, he none the same was a state prisoner therefore the defendants should insure through the state that the plaintiff be given proper and adequate medical treatment as the Petition was filed in this court naming D.T. Marshall, et.al. if the plaintiff had not included et.al. all parties involved then the state would not be responsible, but the defendants the defendants are left with the option to set forth the claim that the Department of corrections show share their liablity in the claim.

                    IN conclusion.

Therefore this court is in a position to stop the continued violations of the Plaintiffs constitutional rights guaranteed him as a United states citizen. The Court should grant this motion without delay as medical attention is imparitive to Petitioners health, in what has become a life threatening situation due to lack of adequate medical treatment.

Respectfully SUBMITTED

Stanley Turner

STANLEY TURNER   110936
Hamilton A & I
223 Sasser Dr.
Hamilton, AL. 35570

CERTIFICATE OF SERVICE

I hereby certify that a copy of the afore going documents to the Attorney for the defendants, by U.S Mail, correctly addressed, postage prepaid.

Done this 11th day of December 2006.

Stahley Turner
STANLEY Turner
Plaintiff

cc.

Clerk of the United States District Court
    P.O. Box 711
Montgomery, Al. 36101-0711

    of Counsel
Haskell Slaughter Youg ~ Gallion L.L.C.
305 South Lawrence street
    P.O. Box 4660
Montgomery, Al. 36103-4660

retained copy.