IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY TURNER, #116221, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-CV-983-ID |
| ) | [WO] |
| ) | |
| D. T. MARSHALL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Stanley Turner ["Turner"], a state inmate, in which he presents claims against D. T. Marshall, the sheriff of Montgomery County, Alabama, and county correctional officers Santina Jenkins and Lamar Rogers. Specifically, Turner contends that defendants Jenkins and Rogers acted with deliberate indifference to his safety on October 9, 2003 when, while boarding a van for transfer from the Kilby Correctional Facility ["Kilby"] to the Montgomery County Detention Facility, he slipped causing re-injury to an area on his left leg where he had received a skin graft several years earlier. Turner further complains the defendants denied him medical treatment for this injury during his day of confinement at the Montgomery County Detention Facility in October of 2003.[1] Turner seeks monetary damages for the alleged violations of his constitutional rights.

---

[1] The record demonstrates Turner arrived at the Montgomery County Detention Facility at 12:20 p.m. on October 9, 2003 and remained there until transfer to his court appearance the following morning. After completion of the state court proceeding, jail personnel returned Turner to the Kilby Correctional Facility.

The defendants filed a written report and supporting evidentiary materials addressing Turner's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat the defendants' written report as a motion for summary judgment. *Order of January 12, 2006 - Court Doc. No. 10*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.2007) (per curiam) (citation to former rule omitted);Fed.R.Civ.P. Rule 56(c), as amended December 1, 2007 (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility

---

[2]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same.

of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2), as amended December 1, 2007 ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail

on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 549 U.S. 521, ---, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006). Consequently, to survive the defendants' properly supported motion for summary judgment, Turner is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of various constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory

allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt

as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at ---, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Turner fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. FACTS

The undisputed evidence in this case establishes that Turner was scheduled to appear in a Montgomery County court on October 10, 2003. On October 9, 2003, defendants Jenkins and Rogers arrived at Kilby to transport Turner to the Montgomery County Detention Facility to effectuate his appearance in court on the following day. At this time, Turner had a bandage covering a wound on his left leg. When Turner attempted to enter the transport van, he slipped and re-injured this wound.[3] Jenkins and Rogers noticed blood on the bandage and immediately advised a state correctional officer of this occurrence. The state correctional officer obtained custody of Turner and escorted him to the infirmary for examination by Kilby's medical staff. After evaluation and treatment of Turner's injury, medical personnel cleared Turner for transport and state correctional officials released him to the custody of Jenkins and Rogers for transfer to the Montgomery County Detention Facility. Turner boarded the transport van without further incident and did not request additional medical treatment from the defendants.

Upon arrival at the Montgomery County Detention Facility, Jenkins and Rogers referred Turner to the jail's medical staff for evaluation. Medical personnel examined Turner and noted the injury to his left leg. *Defendants' Exhibit 1 (Inmate's Medical Record of October 9, 2003) - Court Doc. 9-2* at 11 (Inmate Turner has "bandage to [left] leg, had skin graph to leg ... [over] 4 years ago."). The attending nurse applied a new bandage to

---

[3]Turner suffered an injury to his leg several years prior to this incident. This injury resulted in a skin graft to the injured area which graft occurred approximately four years before the re-injury made the basis of the instant complaint. Throughout his complaint, Turner references this leg injury as a handicap.

7

Turner's leg and deemed no further treatment necessary. *Id*. Jail personnel therefore placed Turner in a holding cell for his overnight stay in the detention facility.

### III. DISCUSSION

Turner alleges the defendants acted with deliberate indifference to his safety because the transport van did not have steps as "required for safe boarding" which resulted in a re-injury to his leg. *Plaintiff's Complaint - Court Doc. No. 1* at 3A. Turner further complains that while in the holding cell "under the custody and care of defendant D. T. Marshall" his requests for medical "care and [pain] medications" went ignored by unidentified jail personnel. *Id*. The defendants deny they acted with deliberate indifference to Turner's safety or medical needs.

### A. Claims Against Sheriff Marshall

It is undisputed that Sheriff Marshall did not participate in the transfer of Turner, nor did Turner make any request for medical treatment directly to Marshall. Moreover, the record before the court demonstrates that the actions about which Turner complains did not occur pursuant to a policy enacted by Marshall; rather, the only policy relevant to the claims pending herein requires that medical treatment be provided to inmates upon request. *Defendants' Exhibit 1 - Court Doc. No. 9-2* at 13.

It is clear from the pleadings filed in this case that D. T. Marshall is named as a defendant solely due to his supervisory position as sheriff. The law is well settled that a defendant cannot be held liable under § 1983 based on a theory of respondeat superior or

8

on the basis of vicarious liability. *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006), *cert. denied*, ____ U.S.____, 127 S.Ct. 2428, 167 L.Ed.2d 1129 (2007) ("Supervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability. *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999)."); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). "Instead, supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation." *Gray*, 458 F.3d at 1308 (citation omitted); *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). Turner concedes that Sheriff Marshall did not personally participate in either his transfer or the alleged denial of his requests for medical treatment during his one day of jail confinement in October of 2003. Thus, the court must address his claims against this defendant under the causal connection prong.

Under this method of liability, "'[t]he causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.' ... Furthermore, to be sufficient to notify the supervisor, the deprivations must not only be widespread, they also 'must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.'" *Gray*, 458 F.3d at 1308 (citations omitted). Turner presents no evidence of widespread, obvious,

9

flagrant or rampant problems of continuing duration regarding the transport van or medical treatment in the face of which Marshall failed to take corrective action. Consequently, there is nothing before the court sufficient to establish the requisite causal connection with respect to the claims against defendant Marshall. The court therefore concludes that Sheriff Marshall is entitled to summary judgment on the claims lodged against him.

### B. Claims of Deliberate Indifference Against Jenkins and Rogers

Correctional officials may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). However, not every injury suffered by an inmate "translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.' *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1982-83, 128 L.Ed.2d 811 (1994). A plaintiff must also show that the constitutional violation caused his injuries." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc).

In *Farmer*, the Court identified both objective and subjective elements necessary to establish an Eighth Amendment violation. With respect to the requisite objective elements, an inmate must first show "an objectively substantial risk of serious harm ... exist[ed].

Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d 1028-1029. As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.' ... ***[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment***." *Farmer*, 511 U.S. at 837-838 (emphasis added); *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (citing *Farmer*, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996) (same). The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety.... It is ***obduracy and wantonness, not inadvertence or error in good faith***, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321,

> 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists - and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotations omitted). As the foregoing makes clear, "[m]erely negligent failure to protect an inmate ... does not justify liability under section 1983...." *Id*.

To prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for providing the treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, jail personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). When seeking relief based on deliberate indifference of responsible officials, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those

facts." *Taylor*, 221 F.3d at 1258; *McElligott*, 182 F.3d at 1255 (for liability to attach, the official must know of and then disregard an excessive risk to the inmate). Thus, deliberate indifference occurs only when a jail official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious condition to warrant finding of deliberate indifference). Furthermore, failure of a correctional official to respond to a substantial risk of harm "he should have perceived but did not" does not constitute deliberate indifference. *Farmer*, 511 U.S. at 838.

> In articulating the scope of inmates' right to be free from deliberate indifference, ... the Supreme Court has ... emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle*, 429 U.S. at 105, 97 S.Ct. at 291; *Mandel*, 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers*, 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle*, 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop*, 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop*, 871 F.2d at 1033 (citing *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir.1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (mere fact that prison inmate desires a different mode of medical treatment does not amount to deliberate indifference violative of the Constitution); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (prison medical personnel do not violate the Eighth Amendment simply because their opinions concerning medical treatment conflict with that of the inmate-patient).

Thus, in order to survive summary judgment on his deliberate indifference claims against defendants Jenkins and Rogers, Turner is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995); *Farmer*, 511 U.S. at 837-838 (To evade entry of summary judgment on a properly supported motion, plaintiff must produce sufficient evidence demonstrating (1) an objectively substantial risk of serious harm; (2) subjective awareness of this risk on the part of the defendants; (3) the defendants responded to such risk in an objectively unreasonable manner; and (4) the actions/omissions of the defendants caused his injuries); *Marsh*, 268

F.3d at 1028-1029.

While it is unfortunate that Turner fell and suffered an injury to his leg, the record does not establish that the actions about which Turner complains occurred due to deliberate indifference on the part of defendants Jenkins and Rogers. Turner presents no evidence of an objectively substantial risk of serious harm, nor is there any evidence demonstrating subjective awareness of a substantial risk of such harm by the defendants, each of which is a required element of his Eighth Amendment claim. Specifically, Turner's allegations are insufficient to demonstrate that defendants Jenkins and Rogers were aware of facts establishing an objectively substantial risk of serious harm either at the time he boarded the transport van or during his confinement in the holding cell at the Montgomery County Detention Facility. Moreover, the facts are undisputed that while Turner was in their custody Jenkins and Rogers obtained medical treatment for him, both at the time of his injury and upon his arrival at the county jail. Thus, there is nothing before the court which shows that these defendants acted with callous disregard to Turner's safety or medical needs.

"Plaintiff has failed to establish that either Defendant had a subjective awareness of a substantial risk of serious physical [harm] to Plaintiff; thus, Plaintiff has failed to establish a required element of this claim. When viewing the evidence most favorably toward Plaintiff, a claim for deliberate indifference has not been established...." *Carter*, 352 F.3d at 1350 (footnote omitted). Consequently, summary judgment is due to be

granted in favor of defendants Jenkins and Rogers.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendants.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before June 9, 2008 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 22nd day of May, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE