IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Stanley Turner, #116221
   Plaintiff

vs.

D.T. Marshall, et. ol.,
   Defendants.

Case No.: 2:05-CV-983-ID
[WO]

"OBJECTION TO THE RECOMMENDATION OF MAGISTRATE"

Comes now, Stanley Turner, pro se unable to read or write, and with assistance from inmates files his objections to the recommendation filed on May 22, 2008 and shows:

On page 1 of the recommendation the Magistrate did not acknowledge the fact that Stanley Turner was/is prosecuting his Complaint "pro se" without benefit of counsel which is to be held to less stringent standards than those of a lawyer. Moreover, Stanley Turner cannot read or write which should have been taking into consideration.

On pages 2-6 under the "standard of review" Stanley Turner objects that there was a genuine issue of material fact precluding summary judgement because the transport van did not have steps for him to get on and off properly and the Defendants knew about his pre-existing injury

page 2

to his leg. After injuring his leg at Kilby trying to enter the defendants van, the defendants went and got a milk crate to load him with. In sum, there were deliberate indifference, as claimed in Stanley Turner's verified complaint. After arriving at Montgomery County Jail with a one-to-two inch hole (contusion) in his leg, the defendants refused to treat it as stated in his verified complaint. The standard of review was not held in a light more favorable to Stanley with his illiterate "pro se" status considered.

On pages 6-8 under the "facts" Stanley Turner objects that there was a bandage covering a skin graft on his left leg, that had no blood nor was it bleeding until defendants failed to provide proper loading equipment for him to enter the van. Turner was ordered to enter the van with defendants knowing about his bum leg, and without providing a step-up or assistance in any way which caused him to seriously re-injure his leg which blood was bleeding profusely out of his bandaged leg and filled up his Nike shoe. Defendants Jenkins and Rogers carried Turner to Kilby officer who took him to see Ms. Moore, the Nurse, who took off the bloody bandage, cleaned the wound, and packed it and rewrapped it. Turner cleaned the blood out of his shoes. After this he was transported to Montgomery County

page 3

Turner repeatedly, diligently, and desperately sought treatment from a Dr. at Montgomery to no avail. He told the defendants that he was in extreme pain, and was illiterate so he was not able to file request for medical or grievance. about not treating his medical injury. At Montgomery County Turner did see a Nurse, but no Dr. was seen nor were any medicines or x-rays taken to properly evaluate his injury.

On page 8 under "discussion" Turner declared under penalty of perjury the transport van did not have steps required for his safe boarding and it resulted in his injury. Moreover, he declared defendants were deliberately indifferent based upon these facts. Then they did not provide him with proper medical services of practicing M.D. or pain medicines. There should of been more discussion generally.

On pages 10-16 under "claims of deliberate indifference against Jenkins and Rogers" Turner objects that Jenkins and Rogers knew he faced a substantial risk of serious harm by not assisting, or providing steps, him to get in the transport van with his injured leg. Moreover, defendants did not take reasonable measures to abate this, by providing a milk crate, until after he injured his leg. There was a strong likelihood that Turner would injure his leg

page 4

considering his bad leg; cuffs, belly-chain, and the nearly three foot step into the transport van.

Turners verified Complaint did show claims that Jenkins and Rogers knew a substantial risk of harm, they were deliberately indifferent to that risk, and it caused the severe injury to his leg.

Finally, the magistrate should have given Turner at least one opportunity to amend his Complaint before dismissing it with prejudice. She did not. Accordingly, Turner requests the District Amend or Modify the Report or allow him opportunity to amend his complain.

Turner declares under penalty of perjury that this is true and correct. This the 16th day of June 2008.

*Stanley Turner*

Stanley Turner #116221
Hamilton A+I
223 Sasser Drive
Hamilton, AL 35570

Stanley Turner #116221
Hamilton A+I D-2
223 Sasser Drive
Hamilton, Al. 35570



"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

**LEGAL MAIL**

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Al. 36101-0711